1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

10

HYDENTRA HLP INT. LIMITED,
a foreign corporation, d/b/a
METART d/b/a METART FILMS

11

12                    Plaintiff,

13              vs.

14    CHRIS STACH, individually and
      d/b/a SIMPLE COM, INC.; SIMPLE
15    COM, INC., a Washington company,
      JOHN DOE, individually and d/b/a
16    COLLECTIONOFBESTPORN.CO
      M, and John Does 2-20,
17

18                    Defendants.

19

**CASE NO.**

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

20

21

22         Plaintiff, Hydentra HLP Int. Limited, d/b/a Metart, (hereinafter referred to as

23    "Plaintiff") by and through its counsel, file this complaint against Defendants Chris

24    Stach, Simple Com, Inc., John Doe, doing business as Collectionofbestporn.com, and

25    the remaining Doe Defendants (collectively hereinafter referred to as "Defendant" or

26    "Defendants").

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 1

## JURISDICTION AND VENUE

1.      Plaintiff is a foreign corporation organized under the laws of the Cyprus, with offices located in Los Angeles, California.

2.      Defendant Chris Stach is an individual located in Spokane, Washington.  Stach owns and operates Simple Com, Inc, and/or its successor companies, which hosts collectionofbestporn.com.

3.      Defendants registered the domain collectionofbestporn.com with GoDaddy.com through a privacy service and owns or operates collectionofbestporn.com.  Collectionofbestporn.com is an Internet website that displays and distributes adult oriented videos, content, and services.

4.      The Collectionofbestporn.com domain name is held by GoDaddy.com LLC using registrar Domains By Proxy, LLC.  GoDaddy.com LLC is an Arizona company with offices in Phoenix, Arizona.   Domains By Proxy, LLC is an Arizona company with offices in Scottsdale, Arizona.

5.      Defendant Simple Com, Inc. is a Washington corporation with offices located in Clayton, Washington.

6.      The Defendants have attempted to hide their actual identity and the identity of other owners and/or operators of collectionofbestporn.com as they are using Domains By Proxy, LLC to shield themselves.

7.  Upon information and belief, the infringed copyrighted material claimed herein to be displayed on collectionofbestporn.com are located, served through and/or maintained on a server owned by Simple Com, Inc. located in Clayton, Washington.

8.  The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

9.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

10.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

11.  This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## **PARTIES**

12.  The named Plaintiff is the rightful copyright and intellectual property owner of the respective United States copyrights and intellectual property that is the basis for this action.

13.  Plaintiff, more commonly known as the MetArt Network of adult entertainment properties, is a group of erotic websites that explore and deliver

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

sensuality and sexuality through artistic photography, video, erotic stories, and through articles about beauty, culture, and nudity.  These websites include MetArt.com, SexArt.com, Errotica-Archives.com, EroticBeauty.com, TheLifeErotic.com, RylskyArt.com, ALSScan.com, VivThomas.com, EternalDesire.com, Stunning18.com, HollyRandall.com, domai.com, goddessnudes.com, and bbfilms.com.

14.    Since 1999, Plaintiff has grown its trademark brands into a globally recognized leader of sensual art, garnering numerous industry awards through the use of studios around the globe, exotic locations, high budget productions, engaging storylines, famed photographers and directors coupled with the dedication from its artists and technicians.

15.    MetArt library is comprised of exclusive content that features over 5000 models shot by 250 photographers/directors including such notables as Vivian Thomas and the late Zalman King, who also brought Hollywood films such as Wild Orchid, Two Moon Junction, 9 ½ Weeks, and the Showtime network groundbreaking series Red Shoes Diaries.

16.    The MetArt websites are paid membership sites.  MetArt engages in extremely limited licensing of its content to other entities or websites for viewing, in addition to the small sample of promotional materials provided to MetArt affiliates for the sole purpose of the affiliates' promoting MetArt property.  Any licensing is

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 4

with the intent for brand exposure and is limited to a small subset of hand-selected content.  Predominantly, the MetArt business model is simply that a user must be a paid member to a MetArt site to view MetArts works.

17.    Plaintiff is the respective producer, distributor, and exclusive licensor of its own motion pictures in the United States as well as throughout the world.

18.    Plaintiff has registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiff has taken industry standard steps to identify its products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played. Plaintiff's videos are watermarked with Plaintiff's readily identifiable logo.

19.    Plaintiff's MetArt trademark and service mark have been continuously used in commerce since May 2002.  U.S. Trademark Registration No. 3152759 was registered on October 10, 2006.

20.    Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark MetArt.  As a result, the purchasing public has come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment.

21.    Plaintiff's SexArt trademark and service mark have been continuously used in commerce since April 2011.  U.S. Trademark Registration No. 4191754 was registered on August 14, 2012.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

22.    Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt.   As a result, the purchasing public has come to know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment.

23.    Further, upon information and belief, Defendants directly financially benefit collectively or individually, from advertising sales spaces on collectionofbestporn.com.

24.    Defendants compete against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiff.

25.    Upon information and belief, Defendant Chris Stach registered collectionofbestporn.com with internet domain and privacy services in order to hide his identity as one of the true owners and/or operators of collectionofbestporn.com.

26.    At all times relevant to the infringing conduct alleged herein, Defendants did not list a designated DMCA agent for collectionofbestporn.com and had not registered collectionofbestporn.com as an internet service provider.

27.    At all times relevant to the infringing conduct alleged herein, Collectionofbestporn.com did not provide a compliant DMCA link on its website.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

28.    At all times relevant to the infringing conduct alleged herein, Defendants did not list a designated DMCA agent for Simple Com, Inc. and had not registered Simple Com, Inc. as an internet service provider.

29.    At all times relevant to the infringing conduct alleged herein, Simple Com, Inc. did not provide a compliant DMCA link on its website at http://www.simplecom.net.

30.    Does 1-20 are individual or entities that own collectionofbestporn.com and/or act in concert with collectionofbestporn.com.  The true names and capacities of which are presently unknown to Plaintiff.  It is for that reason Plaintiff sues these Defendants by fictitious names. Plaintiff avers that each of the Doe defendants, along with the named defendant, jointly or severally, is responsible for the damages alleged herein.

## STATEMENT OF FACTS

31.    Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users.  As a primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

32.    Internet copyright infringers have systematically abused the DMCA safe harbor provisions in an attempt to garner protection for websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public.  Under a veneer of DMCA compliance, the owners and operators attempt to hide behind the safe harbor provisions while monetizing the website through premium membership programs and substantial advertising contracts.

33.    Collectionofbestporn.com is such a pirate website, displaying copyrighted adult entertainment content without authorization or license.

34.    Defendants offer users the opportunity to watch videos.  However, in order to take advantage of enhanced features on collectionofbestporn.com, the user must sign up for an account.

35.    Videos on collectionofbestporn.com may be shared by the user with others, regardless of whether they have uploaded a video to the site, as the user is provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via to Email to anyone regardless of age or location.  Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 8

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

36.     At all times relevant to the infringing conduct alleged herein, Collectionofbestporn.com failed to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.

37.     At all times relevant to the infringing conduct alleged herein, Collectionofbestporn.com was not registered as an Internet Service Provider with the United States Copyright Office, failed to have a DMCA Agent identified on the site, and failed to have a DMCA Agent registered with the United States Copyright Office.

38.     At all times relevant to the infringing conduct alleged herein, Simple Com, Inc. failed to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.

39.     At all times relevant to the infringing conduct alleged herein, Simple Com, Inc. was not registered as an Internet Service Provider with the United States Copyright Office, failed to have a DMCA Agent identified on the site, and failed to have a DMCA Agent registered with the United States Copyright Office.

40.     Defendants purport that videos on Collectionofbestporn.com are uploaded by third party users.  Defendants do not require a user to be registered with the site in order to upload a video.  Defendants *specifically* inform its users that an upload will be anonymous if uploaded by an unregistered user.

41.     It is virtually impossible to honor any repeat infringer policy if the websites purported uploaders are anonymous.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

42.    In or about October 2015, and for an unknown time before and up to the present, Defendants' website Collectionofbestporn.com displayed 21 of Plaintiff's copyright registered works over 79 separate and distinct URLs  - each a part of Collectionofbestporn.com.  These copyrighted works and their corresponding Collectionofbestporn.com page are listed in Exhibit A, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.

43.    On Defendant's collectionofbestporn.com website page there is a link called DMCA (http://collectionofbestporn.com/dmca - Last viewed 03/29/2016) which takes a user to a non-compliant DMCA Page where it attempts to provide information about where claims of copyright infringement can be reported. The page states, "All claims of copyright infringement on or regarding this Website should be delivered to Collection of Best Porn's designated copyright agent at the following address: Please contact us at our *dmca@collectionofbestporn.com*. We apologize for any kind of misuse of our service and promise to do our best to find and terminate abusive files."

44.    Collectionofthebestporn.com uses the internet protocol (IP) address of 216.177.153.12 and hosted on a dedicated server. The IP, according to several resources for seeking IP information including the American Registry for Internet

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Numbers (ARIN) states that this IP is owned by Defendant Chris Stach at the company SimpleCom, Inc. The abuse contact email listed is *billing@simplecom.net.*

45.     On or about October 21, 2105, Plaintiff emailed to the Defendants, 79 DMCA compliant take down notices to dmca@collectionofbestporn.com and billing@simplecom.net notifying the operators of collectionofbestporn.com and the hosting company, Stach and Simple Com, of the infringement of 21 registered works.

46.     In November 2015, Plaintiff investigated the infringements and discovered that Defendants were continuing to infringe the works subject to the October 2015 take down notices.  Plaintiff documented the continuing infringements.

47.     On or about March 15, 2016, Plaintiff investigated the infringements and discovered that Defendants were continuing to infringe the works subject to the October 2015 take down notices.  Plaintiff emailed to the Defendants 79 *second* DMCA compliant take down notices to dmca@collectionofbestporn.com and billing@simplecom.net notifying the operators of collectionofbestporn.com and the hosting company, Stach and Simple Com, a second time of the infringement of 21 registered works.

48.     On or about March 25, 2016, Plaintiff investigated the infringements and discovered that Defendants were continuing to infringe the works subject to the October 2015 and March 2016 take down notices.  Plaintiff documented the continuing infringements.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 11

49.    Plaintiff sent Defendant Simple Com, and/or its successor company, which hosts the infringing works, information specifically stating the infringing works and the location of the infringing works.  No action was taken to disable the infringing works.

50.    As of date of complaint, all 21 registered works over 79 web pages on Collectionofbestporn.com subject to the take down notices continue to be displayed on Collectionofbestporn.com in violation of Plaintiff's copyrights.

51.    Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles or else is willfully blind to the rampant infringement.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are indexed, displayed, and distributed on Defendants' website through Defendant and the Doe Defendants acting in concert.

52.    By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

53.    Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works.  Defendants disregard for copyright laws threaten Plaintiff's business.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

54.    Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

55.    Defendants make no attempt to identify any individual providing the works, where the individual obtained the works, whether the individuals had authority to further reproduce and distribute the works or if such parties even exist.

56.    Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

## FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*
### Against All Defendants

57.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

58.    Plaintiff holds the copyright on each of the infringed works alleged herein.

59.    Plaintiff registered each copyright with the United States Copyright Office.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

60.    At all pertinent times, Plaintiff is the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

61.    Defendants copied, reproduced, reformatted, and distributed Plaintiffs copyrighted works by and through servers and/or hardware owned, operated and/or controlled by Defendants.

62.    Defendants did not have authority or license to copy and/or display Plaintiffs original works.

63.    Defendants infringed Plaintiff's copyrighted works by reproducing and distributing works through Defendants' website without property approval, authorization, or license of Plaintiff.

64.    Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on collectionofbestporn.com and further knew or should have known their acts constituted copyright infringement.

65.    Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them.  Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

66.    Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

67.    The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

68.    Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code enabling users of collectionofbestporn.com to view copyrighted videos and images.

69.    Defendants controlled the files removed from Defendants' website and determined which files remained for display and distribution.

70.    Defendants never adopted procedures to ensure that distribution of Plaintiff's copyrighted materials would not occur. Further, Defendants never established, implemented, or enforced a "repeat infringer" policy.

71.    Defendants were aware, either actually or constructively, should have been aware, or was willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants website.

72.    Defendants, through collectionofbestporn.com, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

73.    Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff 's registered copyrights.

74.    Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

75.    The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

76.    Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

77.    The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

**SECOND CAUSE OF ACTION**
**Contributory Copyright Infringement**
**Against All Defendants**

78.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 16

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

79.    Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

80.    Defendants contributed to the infringing acts of those individuals.

81.    Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

82.    Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' website without regard to copyright ownership.

83.    Defendants had the ability and obligation to control and stop the infringements.  Defendants failed to do so.

84.     Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

85.    Defendants received direct financial benefits from the infringements.

86.    On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 17

87.    The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

88.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

89.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

90.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

91.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**THIRD CAUSE OF ACTION**
**Vicarious Copyright Infringement**
**Against All Defendants**

92.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 18

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

93.     Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

94.     Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

95.     Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.

96.     Defendants contributed materially to the infringement.

97.     Defendants received directly financial gain and profit from those infringing activities.

98.     The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

99.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

100.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

101.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**COUNT IV**
**Inducement of Copyright Infringement**
**Against All Defendants**

102.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

103.    Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendants' website.

104.    On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 20

the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

105.   Defendants' actions constitute inducing copyright infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

106.   The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

107.   The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

108.   As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiffs are entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

109.   Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

110.   Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

**PRAYER FOR RELIEF**

A.      That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

       (1)      Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to www.collectionofbestporn.com.

       (2)      Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to www.collectionofbestporn.com.com.

       and

       (5)      Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.      That Defendants be ordered to transfer the domain www.collectionofbestporn.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.collectionofbestporn.com , and the content therein to Plaintiff.

C.      That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath,

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.      That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.      That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff's trade dress and terms;

F.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.      That Plaintiff be awarded enhanced damages and attorney's fees;

H.      That Plaintiff be awarded pre-judgment and post-judgment interest;

I.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

DATED:  April 15, 2016                Respectfully submitted,


                                      By:

                                          /s/ Spencer D. Freeman

                                          Spencer D. Freeman, Attorney at Law
                                          Freeman Law Firm, Inc.
                                          Attorney for Plaintiff
                                          1107 ½ Tacoma Avenue South
                                          Tacoma, WA 98402
                                          Telephone:  253-383-4500
                                          FAX:  253-383-4501
                                          E-mail sfreeman@freemanlawfirm.org

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 24